IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAMELA B. JORDAN,                    :  CIVIL ACTION NO.
                                     :  1:10-CV-0967-TWT-CCH
       Plaintiff,                    :
                                     :
       v.                            :
                                     :
PHH MORTGAGE CORPORATION,            :  **F I N A L   R E P O R T   A N D**
                                     :  **RECOMMENDATION ON A**
       Defendant.                    :  **MOTION TO DISMISS**

Plaintiff, acting *pro se*, filed the above-styled civil action on April 2, 2010.  In

her Complaint, Plaintiff asserts claims under the Truth in Lending Act ("TILA"), 15

U.S.C. § 1601 et seq., including 12 C.F.R. § 226.1 et seq. ("Regulation Z"),[1] and the

Home Ownership and Equity Protection Act ("HOEPA")[2]; the Georgia Uniform

Deceptive Trade Practice Act, O.C.G.A. § 10-1-370 *et seq*.; the Georgia Residential

Mortgage Act, O.C.G.A. § 7-1-1000 *et seq*.; as well as claims for fraud and fraud in

the inducement.  Plaintiff seeks rescission of the underlying residential mortgage,

reimbursement of fees and costs expended, equitable relief, statutory damages, actual

damages, punitive damages, compensatory damages, special damages, attorney fees,

---

[1]The Board of Governors of the Federal Reserve System issued Regulation Z to implement TILA and other acts.  12 C.F.R. § 226.1(a).

[2]HOEPA amended TILA to impose enhanced disclosure requirements on high cost loans.  See 15 U.S.C. § 1602(aa).

"three times the amount set by TILA for violations," and declaratory and injunctive relief. Compl. at 4-6.

The action is before the Court on Defendant's Motion to Dismiss [2].  Also before the Court is Defendant's Motion to Open Default [6] and Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss [4], including Plaintiff's request for Entry of Default.  For the reasons discussed below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [2] be **GRANTED**, Defendant's Motion to Open Default [6] be **DENIED AS MOOT**, and Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss [4] be **DENIED**.

## I.      **BACKGROUND FACTS**

Plaintiff's Complaint alleges multiple violations of federal and state statutes relating to the refinancing of a residential mortgage contract.  See Complaint [1].  Plaintiff alleges that Plaintiff and her now former husband executed a mortgage with Merrill Lynch on January 4, 2005 in the amount of $1,500,000 to refinance a previous mortgage.  Complaint at ¶¶ 8, 60.  Plaintiff alleges that the substance of the loan, including the interest rate, amount, and type, were changed right before Plaintiff executed the mortgage.  Complaint at ¶¶ 27-29.  Plaintiff also alleges that she and her

ex-husband were not aware of these changes and were discouraged from asking questions about the loan documents by closing attorney "Defendant Doe 2," a party not named in the action. Complaint at ¶ 30. Plaintiff contends that "Numerous violation [sic] of Federal Law happened with loan [sic]" and that Plaintiff and her husband were therefore victims of predatory lending because they were deceived into signing a loan which they could not afford. Complaint at ¶¶ 36-42. Finally, Plaintiff claims that she sent a qualified written request and a valid Notice to Rescind to PHH Mortgage Corporation along with unnamed party Mortgage Electronic Registration Systems, but has not received a response. Complaint at ¶¶ 65-67.

Based on these allegations, Plaintiff identifies seven counts in her Complaint: (1) TILA Rescission; (2) TILA Disclosure Claims in Recoupment Material to Rescission; (3) Fraud and Fraud in the Inducement; (4) Unfair and Deceptive Business Practices; (5) Georgia Residential Mortgage Violations; (6) Interlocutory Injunctive Relief; and (7) Punitive Damages. Plaintiff brings this action to rescind the loan transaction, to receive damages and recoup monies paid under the mortgage, and to enjoin a foreclosure of her property. Complaint at 33-35.

Plaintiff's Complaint contains numerous questionable errors. Notably, Plaintiff's Complaint names only one Defendant, PHH Mortgage Corporation, but the

allegations repeatedly refer to "Defendants" and also allege wrongdoing by other parties, including "Defendants [sic] DOE 2[,] the closing attorney," Mortgage Electronic Registrations Systems, Inc., and BB&T.  Complaint at ¶¶ 9, 13, 65-67. Plaintiff also intermittently refers to Defendant PHH Mortgage Corporation as (1) the assignee of the mortgage originally held by Merrill Lynch, (2) the loan originator, and (3) the lender's agent.  Complaint at ¶¶ 10, 12, 34.  Additionally, the Complaint includes multiple references to "Plaintiffs" and "Plaintiff Brian Jordan" despite the fact that Pamela Jordan is named as the only Plaintiff in the case.  Further, the varied font and line spacing, misnumbered paragraphs (e.g. no paragraphs 1, 7, or 11 and two paragraphs numbered 13), and references to nonexistent exhibits give Plaintiff's Complaint the appearance of being pieced together from various "form" complaints to form a "shotgun" pleading.  Finally, several allegations in the Complaint include unintelligible sentences which seem to include blanks that Plaintiff failed to fill in with details from the present case. See, e.g., Complaint at ¶ 28.

On July 16, 2010, Defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff failed to state any claims on which relief may be granted. See Motion to Dismiss [2].

4

Subsequently, Plaintiff retained an attorney and responded by filing a Motion in Opposition to Defendant's Motion to Dismiss [4] which contested Defendant's Motion to Dismiss only on the basis of its timeliness, and which also included a request for Entry of Default.  <u>See</u> Motion [4] at 12; Notice of Appearance [3].  In conjunction with the request for an Entry of Default, the Motion [4] included the affidavit of counsel for Plaintiff, <u>see</u> Motion [4] at 10-11, in which counsel states that the Summons and Complaint were served on Defendant PHH Mortgage Corporation. In support of this statement, counsel refers to an attached Affidavit of Process Server. <u>See</u> Motion [4] at 7.  The Affidavit of Process Server, however, establishes that proof of service was made upon the registered agent for PHH Mortgage Corporation only for case number 2010CV183819 filed in the Superior Court of Fulton County, not the present action before this Court.  <u>See</u> Motion [4] at 7.

On August 11, 2010, Defendant filed a Motion to Open Default [6] to the extent one had been entered, arguing that it was never properly served and thus its Motion to Dismiss [2] was not untimely.

## II.     PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Plaintiff's request for Entry of Default within her Motion in Opposition to Defendant's Motion to Dismiss [4] is apparently premised on the allegation that Plaintiff purportedly served Defendant on April 6, 2010, and that Defendant's Motion to Dismiss [2] filed July 16, 2010 was not a responsive pleading and was not filed within 20 days of service.

As an initial matter, Plaintiff's Motion [4] is riddled with errors.  Plaintiff's opposition to a motion to dismiss should be filed as a response and not a separate motion, and it should address the arguments raised in the opposing party's motion to dismiss rather than summarily "request[ing] that this Honorable Court enter an Order dismissing Defendant's Motion to Dismiss . . . ."  To the extent Plaintiff intended to also file a Motion for Entry of Default, such a document should be filed separately. Additionally, the Motion incorrectly lists the case number as "No 2009-CV-2972"; misstates the pleading rules in federal court in claiming that, by filing a Motion to Dismiss rather than an Answer, Defendant has "completely side stepp[ed] their duty to answer the Complaint"; claims that Plaintiff properly effected service on "April 66 [sic], 2010"; contains an unsubstantiated amount for attorney's fees of $6,000, an extraordinary figure in light of the fact that Plaintiff's only other pleading, the

Complaint, was filed *pro se*; and, in the course of requesting an entry of default, cites irrelevant Federal Rules of Civil Procedure and case law concerning when a court should set aside a default judgment.

Additionally, the Plaintiff relies on the affidavit of Plaintiff's counsel to support the allegation that Plaintiff properly served Defendant on April 6, 2010. Plaintiff, however, filed her Complaint *pro se* on April 2, 2010, and Plaintiff's counsel did not file his Notice of Appearance until July 30, 2010. Plaintiff's counsel provides no explanation for his ability to vouch for Plaintiff's alleged actions taken on April 6, 2010. Moreover, Plaintiff's counsel references a document, the Affidavit of Process Server, Motion [4] at 7, which establishes only that a process server served PHH Mortgage Corporation's registered agent with a summons and complaint in a completely different matter filed in the Superior Court of Fulton County, case number 2010CV183819.

In response, Defendant filed a Motion to Open Default [6] to the extent default has been entered. Attached to Defendant's Motion [6] is the affidavit of a legal compliance specialist at PHH Mortgage Corporation which states that Defendant did not become aware of the present case until June 25, 2010, when the legal department

7

at PHH Mortgage Corporation reviewed a filing in a state court matter pending between the same parties that referenced the Complaint filed in this Court.

To the extent that Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss [4] is considered a Motion for Entry of Default, it is **DENIED** because Plaintiff has failed to show that proper service in this case was ever effected. Accordingly, Defendant's Motion to Open Default [6] is **DENIED AS MOOT** because no default has been or should be entered in this case.

## III.   DEFENDANT'S MOTION TO DISMISS

Defendant has moved to dismiss all of the claims asserted in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state an actionable claim.  Defendant argues that none of Plaintiff's causes of action states a claim on which relief may be granted because Defendant was not a party to the closing of the loan, and because several of Plaintiff's claims are time-barred.

Although Plaintiff responded to Defendant's Motion to Dismiss [2] with a Motion in Opposition to Defendant's Motion to Dismiss [4], Plaintiff's response was limited to claiming that Defendant's Motion [2] was untimely.  As noted above, to the extent Plaintiff's Motion [4] is considered a Motion for Entry of Default, it is denied.

Further, even if Plaintiff's Motion [4] could be considered a Response to Defendant's Motion to Dismiss, it fails to challenge, or even mention, the merits of any of Defendant's 12(b)(6) arguments, and thus, Defendant's Motion to Dismiss is unopposed.  Since the Court finds that Plaintiff has not proven that she served Defendant on April 6, 2010 or any other date, Defendant's Motion to Dismiss was timely filed and may be granted solely on the ground that it is unopposed.  See Local Rule 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion.").  Nevertheless, the Court will proceed to the merits of the Motion to Dismiss.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true. But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).

A.      Claims Arising From The Loan Closing

Defendant first argues that Defendant PHH Mortgage Corporation was not a party to the closing of the loan transaction that forms the basis of Plaintiff's Complaint.  Because several of Plaintiff's claims arise solely from alleged statutory violations and fraudulent acts that occurred at the loan closing, Defendant's claim that PHH Mortgage Corporation was not a party to the closing of the loan is determinative.

Plaintiff's Complaint alleges that "[t]he original loan was with Merrill Lynch Credit Corporation who later sold the servicing rights to PHH [M]ortgage Corporation."  Complaint at 2; see also Complaint at ¶ 10 ("PHH is an assignee of the mortgage originally held by Merrill Lynch Home Equity on the subject property and is currently the Servicer of mortgage loan transactions . . . .").  Plaintiff's Complaint, confusingly, also alleges that "Defendant PHH is the loan originator of the instant loan on Plaintiffs' property." Complaint at ¶ 12.  Incomprehensibly, Plaintiff further alleges that "Plaintiff relied up [sic] Defendant PHH. , the loan originator, as the lender's agent . . . ."  Complaint at ¶ 34.

Plaintiff's inconsistent and irreconcilable allegations concerning the role PHH Mortgage Corporation took in the loan transaction do not support a plausible claim

that Defendant PHH Mortgage Corporation is liable for injuries stemming from the loan closing.  Under Twombley and Iqbal, a claim that is not plausible on its face must be dismissed under Rule 12(b)(6).   See Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1949.   Moreover, Defendant attached a copy of the mortgage documents to its Motion to Dismiss, the Court's review of which confirms that PHH Mortgage Corporation was not a party to the loan closing.[3]

Based on the foregoing, the Court finds that the Complaint's allegations, taken as true, fail to establish that Defendant PHH Mortgage Corporation was a party to the loan closing.  Each of the following claims arising solely out of actions by parties to the loan closing, therefore, fails to state a claim for relief that is plausible on its face.

Count 2, "TILA Disclosure Claims in Recoupment Material to Rescission," rests on the allegation that "[t]he original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA . . . ."  Complaint at ¶ 85.  PHH Mortgage Corporation was not a party to the closing,

---

[3]While ordinarily matters outside the pleadings may not be considered on a Rule 12(b)(6) Motion to Dismiss, the mortgage closing documents may be considered in this case because Plaintiff specifically referenced the documents in her Complaint. See Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

and thus, could not plausibly be the "original payee of the note," the "beneficiary," or the "Defendants" who acted in contravention of TILA at the closing of the loan. Count 2, therefore, fails to state a claim.

Count 3, "Fraud and Fraud in the Inducement," rests on the allegation that "Defendant specifically made numerous false and misleading statements throughout the loan process which continued through the closing . . . ."  Complaint at ¶ 92. Plaintiff has not pled any facts that plausibly establish that PHH Mortgage Corporation participated in the loan process, but instead states that PHH Mortgage Corporation became involved with Plaintiff's loan only upon its purchase of the servicing rights.  Complaint at 2.  Thus, PHH Mortgage Corporation could not have made any statements, false or otherwise, during the loan process.  Count 3, therefore, fails to state a claim.

Count 4, "Unfair and Deceptive Business Practices," rests on the allegation that "Defendants, specifically through their agent, Defendant Doe 1 systematically mislead the Plaintiffs about every single aspect of their new mortgage loan . . . ." Complaint at ¶ 117.    Again, Plaintiff does not allege that PHH Mortgage Corporation consummated the mortgage loan with Plaintiff, but states that Defendant only became involved with Plaintiff's loan upon the loan's subsequent assignment to Defendant by

Merrill Lynch.  Thus, Defendant could not have misled Plaintiff about any aspect of her "new mortgage."  Moreover, Plaintiff has not pled any facts sufficient to establish an agency relationship between PHH Mortgage Corporation and "Defendant Doe 1," a party not named in the action, a party whose name suspiciously resembles a generic party to be populated in a form complaint, and a party referenced in the Complaint only once.  Count 4, therefore, fails to state a claim.

Count 5, "Georgia Residential Mortgage Violations," rests on the allegation that "Defendants purposely lied, intentionally mislead and concealed material facts from Plaintiffs throughout the mortgage process from initial contact through and during the closing of Plaintiffs' mortgage transaction . . . ." Complaint at ¶ 125.   As stated above, Plaintiff's Complaint alleges no facts that establish that PHH Mortgage Corporation participated in the mortgage process.  Thus, Defendant could not have purposely lied, intentionally misled, or concealed any material facts from Plaintiff during the mortgage process through the closing.  Count 5, therefore, fails to state a claim.

Count 6, "Interlocutory Injunctive Relief," rests on the allegation that, "[b]ased on the above violations of TILA, State Law Claims and the principals of equity," Plaintiff is entitled an injunction of any foreclosure proceedings.  Complaint at ¶ 134.

As discussed below, Plaintiff's TILA claims are time-barred and meritless and, as discussed above, Plaintiff has failed to state a plausible claim that PHH Mortgage Company is liable under any state law causes of action.  Thus, Plaintiff's claim for "interlocutory injunctive relief" is without merit.  Count 6, therefore, fails to state a claim.

Count 7, "Punitive Damages," rests on the allegation that "Plaintiffs justifiably relied on professionals such as the loan officer and the lenders and the closing attorney to deal honestly and fairly with them . . . ." Complaint at ¶ 144.  As discussed above, Plaintiff's Complaint does not plausibly allege that PHH Mortgage Company fulfilled the role of loan officer, lender, or closing attorney in the transaction.  In fact, Plaintiff earlier in the Complaint identifies "Defendant Doe 2" as the closing attorney, another suspiciously named party who is not a party to the action.   Complaint at ¶ 13.  Accordingly, Plaintiff has failed to state a claim plausible on the face of the Complaint that PHH Mortgage Company is liable for punitive damages in connection with the closing of the loan in question.  Count 7, therefore, fails to state a claim.

B.    Claims That Are Time-Barred

Defendant argues that Plaintiff's claims under TILA must be dismissed because they are time-barred.  Plaintiff's TILA claims are based on the assertion that her alleged valid exercise of rescission rights under TILA by sending a Notice of Rescission to PHH Mortgage Corporation renders the underlying mortgage void and unenforceable.  Complaint at ¶ 79.  Plaintiff also impliedly asserts a TILA damages claim.  See Complaint at 4-5, 33-34.

Pursuant to 15 U.S.C. § 1640(e), a debtor must bring a claim for statutory damages under TILA within one year of the date of the occurrence of the violation. Under 15 U.S.C. § 1635(a), a debtor has three days to rescind a transaction where a lender takes a nonpurchase-money security interest in a person's principal dwelling. 15 U.S.C. § 1635(a).  TILA further provides that, if a creditor fails to disclose all required information and forms, the debtor's right of rescission does not expire until three years after the transaction. 15 U.S.C. § 1635(f). Violations of TILA occur when the transaction is consummated, and nondisclosure is not a continuing violation for purposes of the statute of limitations.  Smith v. American Fin. Sys., 737 F.2d 1549, 1552 (11th Cir. 1984) (citing Wachtel v. West, 476 F.2d 1062 (6th Cir. 1973).

Plaintiff alleges, and the mortgage documents confirm, that the loan in question was consummated on January 4, 2005, more than five years before Plaintiff brought suit. Although Plaintiff asserts that she sent a valid Notice to Rescind on February 12, 2010 to PHH Mortgage Corporation, and thus, Plaintiff's TILA rescission claim is in fact plausibly asserted against a proper party, under both the one-year statute of limitations for damages claims and three-year statute of limitations for rescission claims, Plaintiff's TILA claims are time-barred. Without any supporting facts, Plaintiff also alleges that "tolling . . . does apply in this case (TILA § 1635) (a-f)." Complaint at 5-6. While the Eleventh Circuit has held that the TILA statute of limitations may be subject to equitable tolling, see Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 702, 708 (11th Cir. 1998) (finding tolling applies to TILA statute of limitations), equitable tolling will be applied only in exceptional circumstances. See Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993). Plaintiff has not alleged that any "exceptional circumstances" exist that would justify tolling in this case.[4] Plaintiff has not pled any facts at all beyond stating that the statute of limitations

---

[4]While Plaintiff pleads (insufficiently) a separate fraud claim in Count 3 of her Complaint, Plaintiff does not plead facts that make plausible, much less even argue, that the alleged violations of TILA were the product of "deliberate concealment" which Plaintiff had "no reasonable means of discovering" prior to the end of the statute of limitations period. See Cabello v. Fernandez-Larios, 402 F.3d 1148, 1154-55 (11th Cir. 2005).

should be tolled. Accordingly, the Court finds that Plaintiff's TILA claims for rescission and damages in Counts 1 and 2 are each time-barred, and the statute of limitations is not tolled.

Defendant also asserts that Plaintiff's fraud and Uniform Deceptive Trade Practice Act claims are time-barred. Both claims are subject to a four-year statute of limitations. See O.C.G.A. § 9-3-31 ("Actions for injuries to personalty shall be brought within four years after the right of action accrues."); McLendon v. Georgia Kaolin Co., Inc., 782 F. Supp. 1548, 1566 (M.D. Ga. 1992) (O.C.G.A. § 9-3-31 applies to actions seeking damages for fraud where plaintiff has not shown the statute should be tolled); Kason Industries, Inc. v. Component Hardware Group, 120 F.3d 1199, 1205 (11th Cir. 1997) ("We thus deem the four-year limitations period set forth in § 9-3-31 the proper statute of limitations for the UDTPA to borrow."). Plaintiff brought suit more than five years after the date of the alleged violations, and Plaintiff has neither argued nor pled any facts to support that the statute of limitations should be tolled for these claims. Because they are time-barred and are not tolled, Plaintiff's claims for fraud in Count 3 and "Unfair and Deceptive Business Practices" in Count 4 fail to state a claim.

C.      Claims That Are Facially Invalid

Defendant argues that Plaintiff's claims under the Georgia Residential Mortgage Act ("GRMA") fail to state a claim because the GRMA does not provide a private right of action.  See Reese v. Wachovia Bank, N.A., No. 1:08-cv-3461-GET, 2009 U.S. Dist. LEXIS 94802, at *6-7 (N.D. Ga. 2009) (finding that no private cause of action was intended by the legislature to accrue under the GRMA).  Because Judge Tidwell, in Reese, declined to find a private right of action in the GRMA for reasons which this Court adopts, the undersigned agrees with Defendant that Plaintiff's claims in Count 5 under the GRMA fail to state a claim.

Although it is not raised as a defense in Defendant's Motion to Dismiss, the Court further notes that under TILA, a "residential mortgage transaction"[5] is non-rescindable.  See 15 U.S.C. § 1635(e)(1); see also 12 C.F.R. §§ 226.15(f), 226.23(f), 226.32(a)(2)(ii).   TILA and Regulation Z also specifically exclude mortgage refinancing transactions from TILA's rescission provision.  See 15 U.S.C. § 1635(e) (rescission provision does not apply to "a transaction which constitutes a

---

[5]Section 1602(w) of TILA defines a "residential mortgage transaction" as a "transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

refinancing or consolidation (with no new advances) of the principal balance then due and any accrued and unpaid finance charges of an existing extension of credit by the same creditor secured by an interest in the same property . . . .").

Plaintiff alleges that the mortgage in question "refinanced her primary residence." Complaint at 2. Although Plaintiff asserts that "[t]he Rescission is valid under Federal Truth In Lending Act," Plaintiff has not pled any facts that support such a conclusion. Accordingly, regardless of the statute of limitations or the propriety of tolling thereof, Plaintiff's TILA claims for rescission asserted in Counts 1 and 2 of the Complaint must fail.

Based on the facts pled in Plaintiff's Complaint, the timing of the filing of Plaintiff's Complaint, and the rights created by the statutes under which Plaintiff asserts her causes of action, Plaintiff's Complaint fails on its face to state any plausible claims. Accordingly, none of Plaintiff's seven counts states a claim on which relief may be granted. Under the Twombley and Iqbal pleading standard, Plaintiff's Complaint should be dismissed in its entirety.

D.     Plaintiff's Complaint is a Shotgun Pleading

Finally, the Court finds that Plaintiff's Complaint is a shotgun pleading, the filing of which the Eleventh Circuit has consistently rejected.  A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading."  Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x. 368, 371 (11th Cir. 2005).  Shotgun pleadings typically "contain several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  As a result, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" when a plaintiff presents a shotgun pleading.  Anderson v. District Bd. of Trs. of Central Fla. Community Coll., 77 F.3d 364, 366 (11th Cir. 1996).  Shotgun pleadings also characteristically fail to specify which defendant is responsible for each act alleged. Beckwith, 146 F. App'x at 372 ("It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant.").[6]  The Eleventh Circuit has "roundly, repeatedly, and consistently

_____

[6]Although Plaintiff has named only one defendant in her suit, she repeatedly refers to multiple "Defendants" and mentions other parties who have caused injury,

condemn[ed]" shotgun pleadings, <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 979 (11th Cir. 2008), because such pleadings "wreak havoc on the judicial system.  See <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1130 (11th Cir. 2001).

Plaintiff's Complaint, by failing to specify which Defendants are responsible for which actions, and by re-alleging all previous paragraphs at the beginning of each Count, is a quintessential shotgun pleading.  Accordingly, the Court finds that the Complaint must be dismissed in its entirety.

Finally, the Court is concerned with the representations made by Plaintiff's attorney and his participation in what appears to be a misuse of the Court in order to delay a lender's lawful right to realize on its security.  Counsel is cautioned to avoid such behavior if he wishes to continue to practice in this Court.

## IV.   RECOMMENDATION

For all the above reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [2] be **GRANTED** for Plaintiff's failure to state a claim.  In addition, Defendant's Motion to Open Default [6] should be **DENIED AS MOOT**,

---

including Merrill Lynch, Defendant Doe 2, Defendant Doe 1, Mortgage Electronic Registration Systems, Inc., and BB&T.

21

and Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss [4] should be **DENIED**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned.  Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 5th day of November, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE